UNITED STATES DISTRICT COURT
DISTRICT OF MASSECHUSSETTS

| | |
|---|---|
| Kent Garvey, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>James Arkoosh, Samuel Belzberg, Peter Klein and Diomed Holdings, Inc.,<br><br>Defendants. | Master File No.<br><br>04cv10438 RGS<br><br>Memorandum of Law in Support of a Motion to Consolidate Related Actions, Appoint Lead Plaintiff and for Approval of Lead Plaintiffs' Selection of Counsel<br><br>CLASS ACTION<br><br>Plaintiffs Demand a Trial by Jury |

## INTRODUCTION

Plaintiffs Kent Garvey, Albert Overhauser, James T. Marsh, Roger E. Buck, and Thomas Loveless ("Movants") respectfully submit this memorandum of law in support of this motion:

1. To consolidate all actions filed in the District of Massachusetts that are related to the above-captioned class action for all purposes, pursuant to Fed. R. Civ. P. 42(a); and

2. For an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Kent Garvey, Albert Overhauser, James T. Marsh, Roger E. Buck, and Thomas Loveless as Lead Plaintiffs for the Class of all purchasers of common stock of Diomed Holdings Inc. ("Diomed" or the "Company") during the period from February 1, 2002 through and including March 21, 2002, inclusive (the "Class Period"), and

(b) approving the selection of The Rosen Law Firm P.A. as Lead Counsel and the Law Office of Scott P. Lopez as Liaison Counsel for the Class.

## BACKGROUND

These proposed consolidated actions are on behalf of purchasers of Diomed common stock during the period from February 1, 2002 through and including March 21, 2002. Defendant Diomed is a Delaware corporation with its principal executive offices and place of business at 1 Dundee Park, Andover, Massachusetts 01810. Diomed develops and markets products primarily designed for: 1) cancer and pre-cancer treatments using Photo Dynamic Therapy ("PDT"), and 2) greater saphenous vein reflux treatment and other clinical applications using Endovenous Laser Treatment ("EVLT"). This action arises under state common law and Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder.

Plaintiffs in each of the causes of action to be consolidated allege that Defendants knowingly and intentionally caused the artificial inflation of Diomed stock, by improperly influencing stock analysts to praise and promote the company and the value of its stock. Specifically, Defendants knowingly and intentionally failed to disclose the fact that Defendants have, either directly or through another party, improperly compensated analysts to promote Diomed stock. The complaint further alleges that certain analysts were paid by Diomed either directly or through Verus International (a major shareholder of Diomed that provides Diomed with advice and assistance on various matters), such that the analysts' strong BUY recommendations on Diomed stock could not be deemed fair and impartial. A compelling privity between Verus and Diomed is

established by the fact that James Arkoosh, Chairman of Diomed Board of Directors, is also the Chief Operating Officer of Verus. As a result of these misstatements, Plaintiffs were misled into purchasing the Diomed stock based on the improper recommendations provided in the analysts' reports, causing the Diomed stock to be artificially inflated up to a high of $9.00 per share during February of 2002 when Diomed made its debut on the AMEX. Since then, the stock price has dwindled precipitously, trading at $0.20 per share on March 3, 2004, the date the Complaint was filed in this matter.

## ARGUMENT

### I. ANY RELATED ACTIONS SHOULD BE CONSOLIDATED.

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *Manual for Complex Litigation (3d)* § 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Plaintiffs are unaware of any other related actions currently pending in the District of Massachusetts alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act and Section 11 of the Securities Act by the defendants arising from the dissemination false and misleading information to investors. However, any other civil actions now pending or hereafter filed in this district which arise out of the same facts and claims as alleged in these consolidated actions should be consolidated with this action for all purposes if, as, and when the Court is apprised of them pursuant to Fed. R. Civ. P. 42(a).

## II. THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS.

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should each be appointed Lead Plaintiffs.

A.   *The Movants are Willing to Serve as Class Representatives.*

On March 19, 2004, The Rosen Law Firm P.A., as counsel in the first filed action against Diomed, caused a notice to be published in Investors Business Daily pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Diomed common stock that they had sixty days from the date of the notice to file a motion with the Court to be appointed as Lead Plaintiff. *See* Rosen Decl. Exhibit A. The Movants have filed the instant motion pursuant to the Notice and have attached Movants' Certifications attesting that they are each willing to serve as a representative of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl. Exhibit B. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

B.   *The Movants Have The Largest Financial Interest in the Action*

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *See Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 2000 WL 33348124, at *1 (Aug. 15, 2000 D.Mass.); *Coggins v. New England Patriots Football Club, Inc.*, 492 N.E.2d 1112, 1120-1121 (Mass. 1986). *See also In re Donkenny, Inc. Sec. Lit.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

Proposed Lead Plaintiff Kent Garvey purchased 500 shares of Diomed stock during the Class Period with a total value of $2,595 on the date of purchase, and $2,495 in resulting losses as of the date of the Complaint, based on a market price of $0.20 on March 3, 2004. Proposed Lead Plaintiff Albert Overhauser purchased 1,000 shares of Diomed stock during the Class Period with a total value of $7,700 on the date of purchase, and $7,400 in resulting losses when he sold his stock at $0.30 on November 4, 2003. Proposed Lead Plaintiff James T. March purchased and held 100 shares of Diomed stock during the class period, with a total value of $800 at the time of purchase, and $780 in resulting losses as of the date of the Complaint. Proposed Lead Plaintiff Roger E. Buck purchased and held 150 shares of Diomed stock during the Class Period, with a total value of $1,050 at the time of purchase, and $1,020 in resulting losses as of the date of the Complaint. Proposed Lead Plaintiff Thomas Loveless purchased and held 700 shares of Diomed stock during the Class Period, with a total value of $4,517 at the time of purchase, and $4,377 in resulting losses as of the date of the Complaint. In total, the proposed Lead Plaintiffs purchased $16,662 worth of Diomed stock and suffered aggregate losses of $16,072.

Movants are not aware of any other plaintiff seeking to act as lead plaintiff herein who has suffered larger losses. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the Class.

C.  *The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure.*

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of

Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movants satisfy the requirements of Rule 23 is sufficient. *See Greebel v. FTP Software*, 939 F.Supp. 57, 60, 64 (D.Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (*citing Gluck v. Cellstar Corp.*, 976 F.Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Lit.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

The Movants fulfill all of the requirements of Rule 23. The Movants share substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class. The Movants and all members of the class allege that defendants violated the Exchange Act and Securities by publicly disseminating false and misleading statements regarding Diomed business and omitted material information concerning the stock analysts' recommendations of Diomed stock. Movants, as did all of the members of the Class, purchased Diomed shares at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged

7

thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between the Movants and other Class members, as well as the strong desire of the proposed Lead Plaintiffs to prosecute these actions on behalf of the Class, provide ample reasons to grant the Movants' motion to serve as Lead Plaintiffs.

D. *The Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.*

The presumption in favor of appointing the Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Movants' ability and desire to fairly and adequately represent the Class have been discussed in Section C, *supra*. The Movants are not aware of any unique defenses defendants could raise against them that would render any Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the Class.

### III. THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED.

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should

8

only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm as Lead Counsel and the Law Office of Scott P. Lopez as Liaison Counsel. The Rosen Law Firm is responsible for the initial investigation of the claims that form the basis of the class action. The Rosen Law Firm has been actively researching the class plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information that have formed the foundation of the claims against Defendants. Furthermore, the Rosen Law Firm and the Law Office of Scott P. Lopez are both experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigation and securities fraud class actions on behalf of investors. As a result of both firms' experience in litigation involving issues similar to those raised in this action, the Movants' counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. *See* Rosen Decl. Exhibits C and D. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Movants respectfully requests the Court issue an Order (a) consolidating the related actions, (b) appointing Kent Garvey, Albert Overhauser, James T. Marsh, Roger E. Buck, and Thomas Loveless as Lead Plaintiffs of the Class, (c) approving The Rosen Law Firm P.A. as Lead Counsel and the Law Office

of Scott P. Lopez as Liaison Counsel, and (d) granting such other relief as the Court may deem to be just and proper.

|  |  |
|---|---|
| DATED: 5/18/2004 | Respectfully submitted,<br><br>LAW OFFICE OF SCOTT P. LOPEZ<br><br>_____<br>Scott P. Lopez<br>Law Office of Scott P. Lopez<br>24 School Street<br>8th Floor<br>Boston, Massachusetts 02108<br>Telephone: (617) 742-5700<br>Facsimile: (617) 742-5715<br>lopez@lopezlaw.com<br><br>Proposed Liaison Counsel for Plaintiffs<br><br>THE ROSEN LAW FIRM, P.A.<br>Laurence Rosen<br>The Rosen Law Firm, P.A.<br>350 Fifth Avenue, Suite 5508<br>New York, NY 10001<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>lrosen@rosenlegal.com<br><br>Proposed Lead Counsel for Plaintiffs |

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2004 a true copy of the above document was served upon each party whose address is known to undersigned counsel by mail.

_____
Scott P. Lopez