UNITED STATES DISTRICT COURT
DISTRICT OF MASSECHUSSETTS

| | |
|---|---|
| Kent Garvey, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>JAMES ARKOOSH, SAMUEL BELZBERG, PETER KLEIN and DIOMED HOLDINGS, INC.,<br><br>Defendants. | Master File No. 1:04-cv-10438-RGS<br><br>Honorable Richard G. Stearns<br><br>MEMORANDUM OF LAW IN SUPPORT OF ORDER ENLARGING TIME TO SERVE SUMMONS AND COMPLAINT PURSUANT TO F.R.C.P. 6(b), F.R.C.P. 4(m) AND LOCAL RULE 4.1<br><br>Class action |

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO ENLARGE TIME TO SERVE DEFENDANTS

Plaintiff asks the court to grant him additional time to serve defendants Samuel Belzberg and James Arkoosh with a summons and complaint, as authorized by Federal Rules of Civil Procedure 4(m), 6(b) and Local Rule 4.1.

A.   INTRODUCTION

1. Plaintiff is Kent Garvey. Defendants are James Arkoosh ("Arkoosh") and Samuel Belzberg ("Belzberg"). Arkoosh is the former chairman and Belzberg is a former director of Diomed Holdings, Inc.

2. Plaintiff sued defendants for violations of §10 and §20 of the Securities Exchange Act of 1934. Defendants Arkoosh and Belzberg have not yet been served.

3. Defendants Diomed Holdings and Peter Klein have on June 23, 2004 executed waivers of service of process of the summons and complaint upon them. However, Diomed's counsel will not accept service of process for Arkoosh and Belzeberg.

4. Upon information and belief Defendant Belzberg is a resident of Vancouver, British Columbia, Canada.

5. Upon information and belief Arkoosh is resident in the Cayman Islands.

6. Plaintiff was diligent in attempting to locate and serve defendant. Plaintiffs have not yet been able to verify the addresses for service of process for Arkoosh and Belzberg.

7. Plaintiff will be required to obtain letters rogatory or similar diplomatic process to serve the summons and complaint on Belzberg and Arkoosh. This process will take another ninety (90) days.

8. Defendants Diomed Holdings, Inc. and Peter Klein have no objection to plaintiff's motion and have agreed to the Proposed Stipulated Order filed with plaintiff's motion.

B. Argument

9. The court should grant a request for additional time to serve defendant upon a showing of good cause. Fed. R. Civ. P. 4(m); *see Espinoza v. U.S.*, 52 F.3d 838, 840-41 (10th Cir. 1995). If the court determines that good cause does not exist, the court may enlarge the time to serve defendant upon a showing that the relief is justified. *Henderson v. U.S.*, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996).

10. Plaintiff asks the court to grant him additional time to serve defendants Belzberg and Arkoosh because upon information and belief each resides outside of the jurisdiction of the United States and service of process will require letters rogatory or similar diplomatic procedures.

11. If the court grants plaintiff's request for an additional ninety (90) days, the extension will enable plaintiff to serve defendant and will not inconvenience the court, any party, or any witness. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). None of the defendants has yet answered the complaint. The court has not yet appointed lead plaintiff or lead counsel in this action pursuant to the Private Securities Litigation Reform Act. A stay of discovery is thus currently in effect. The Court may set the briefing schedule on the expected motion to dismiss of defendants to correspond with the time required to serve defendants Belzberg and Arkoosh as provided in the Proposed Stipulated Order filed herewith.

12. If plaintiff does not receive additional time, plaintiff will suffer harm because under Local Rule 4.1(b) the complaint will be dismissed if an extension of time to serve the summons and complaint is not granted.

## C. Conclusion

13. For these reasons, plaintiff asks the court to grant the extension of an additional ninety days so he may serve defendants.


Respectfully submitted,

DATED: July 2, 2004                                        LAW OFFICES OF SCOTT LOPEZ

                                                                                                                                            _____
Scott Lopez
Law Offices of Scott Lopez
24 School Street, 8th Floor
Boston, Massachusetts 02108
Telephone: (617) 742-5700
Facsimile: (617) 742-5715

Laurence Rosen
The Rosen Law Firm, P.A.
350 Fifth Avenue, Suite 5508
New York, NY  10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com

Counsel for Plaintiffs